UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

CASE NO. 21-CIV-20294-GOODMAN
[CONSENT CASE]

BELKYS GONZALEZ,

    Plaintiff,

v.

KILOLO KIJAKAZI,
Acting Commissioner of Social Security,

    Defendant.
_____/

## ORDER GRANTING PLAINTIFF'S UNOPPOSED MOTION FOR ATTORNEY'S FEES

Plaintiff Belkys Gonzalez filed an Unopposed Motion for Attorney's Fees. [ECF No. 28]. Plaintiff seeks $6,556.41 in attorney's fees pursuant to the Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412(d). The motion indicates that the request for fees is unopposed. [ECF No. 28]. Pursuant to the Equal Access to Justice Act, 28 U.S.C. § 2412(a), the Court has discretion to require the defendant to pay the attorney's fees when the plaintiff is the prevailing party.

Upon review of the petition and the record, the Court finds that the requested fees are reasonable. Accordingly, the Court **grants** Plaintiff's Unopposed Motion for Attorney's Fees and awards Plaintiff **$6,556.41** in attorney's fees, contingent upon a

determination by Defendant that Plaintiff owes no qualifying, preexisting debt(s) to the Government, for which sum let execution issue.

## I. BACKGROUND

Plaintiff filed this action seeking to reverse the final decision of the Commissioner, who denied Plaintiff's claim for social security disability benefits. [ECF No. 1]. The parties consented to the exercise of jurisdiction by the Undersigned to conduct the proceedings. [ECF Nos. 16; 17]. After Plaintiff filed her Summary Judgment Motion [ECF No. 23], Defendant filed an Unopposed Motion for Remand under sentence four of 42 U.S.C. § 405(g) [ECF No. 26], which the Undersigned granted [ECF No. 27].

Plaintiff then filed the instant unopposed motion for attorney's fees under the EAJA [ECF No. 28].

## II. DISCUSSION

### A. <u>Entitlement to Attorney's Fees</u>

A prevailing party is not ordinarily entitled to recover attorney's fees from his or her opponent. *Alyeska Pipeline Serv. Co. v. Wilderness Soc'y*, 421 U.S. 240, 247 (1975). However, the EAJA explicitly provides that "a court shall award to a *prevailing party* other than the United States fees and other expenses, in addition to any costs." 28 U.S.C. § 2412(d)(1)(A) (emphasis added).

The EAJA empowers the Court to grant "reasonable fees and expenses of attorneys." *McCullough v. Astrue*, No. 08-61954-CIV, 2009 WL 2461798, at *1 (S.D. Fla.

Aug. 10, 2009) (quoting 28 U.S.C. § 2412(b)). The Court may award a prevailing plaintiff attorney's fees and expenses unless the Commissioner can show that her position "was substantially justified or that special circumstances make an award unjust." 28 U.S.C. § 2412(d)(1)(A).

The Supreme Court has held that a plaintiff who obtains a sentence four remand is a prevailing party for purposes of a fee award. *See Shalala v. Schaefer*, 509 U.S. 292, 301 (1993) (determining that remand under sentence four of 42 U.S.C. § 405(g) "terminates the litigation with a victory for the plaintiff"); *see also Boronat v. Sullivan*, 788 F. Supp. 557, 559-60 (S.D. Fla. 1992) (finding that remand under sentence four is a final judgment for purposes of filing a fee award under the EAJA).

Here, because Plaintiff obtained a sentence four remand, Plaintiff is the prevailing party for purposes of the EAJA. Further, Defendant does not dispute Plaintiff's request for attorney's fees. Thus, Plaintiff is entitled to receive attorney's fees under the EAJA.

### B. Amount of Attorney's Fees

The EAJA provides:

> The amount of fees awarded under this subsection shall be based upon prevailing market rates for the kind and quality of the services furnished, except that . . . (ii) attorney fees shall not be awarded in excess of $125 per hours unless the court determines that an increase in the cost of living or a special factor, such as the limited availability of qualified attorneys for the proceedings involved, justifies a higher fee.

28 U.S.C. § 2412(d)(2)(A); *see also Meyer v. Sullivan*, 958 F.2d 1029, 1034 (11th Cir. 1992) ("Congress undoubtedly expected that the courts would use the cost-of-living escalator to insulate EAJA fee awards from inflation.").

Here, Plaintiff seeks an hourly rate of $209.12 for work performed in 2020, $217.54 for work performed in 2021, and $229.10 for work performed in 2022. The cost-of-living increase for 2020, 2021, and 2022 are $206.70, $217.21, and $231.25 respectively.[1] Thus, the Undersigned finds the hourly rate reasonable.

Plaintiff asserts that her attorney expended 30 hours on her case. Plaintiff has included timesheets documenting her attorney's activities in her petition for attorney's fees. [ECF No. 28]. The Undersigned has reviewed the hours submitted in Plaintiff's petition and finds the time expended by Plaintiff's attorney to be reasonable.

## III.   CONCLUSION

The Undersigned **grants** Plaintiff's motion for attorney's fees and awards Plaintiff **$6,556.41** in attorney's fees, contingent upon a determination by Defendant that Plaintiff

---

[1] The adjusted rates were determined by first calculating the cost-of-living percentage increase by subtracting the March 1996 rate from the Annual Consumer Price Index ("CPI") for 2020, 2021, and 2022 (when the work was performed) and dividing that number by the March 1996 rate. *See Barbee v. Berryhill*, 339 F. Supp. 3d 1262, 1279 n.4 (N.D. Ala. 2018). The cost-of-living percentage increase was then applied to the $125 statutory rate to calculate the adjusted hourly rate permitted by the EAJA. *Id.*; *see also* U.S. Bureau of Labor Statistics, CPI-All Urban Consumers (Current Series), http://data.bls.gov/cgi-bin/surveymost?bls.

owes no qualifying, preexisting debt(s) to the Government, for which sum let execution issue.

      **DONE AND ORDERED** in Chambers, at Miami, Florida, on June 24, 2022.

Jonathan Goodman
UNITED STATES MAGISTRATE JUDGE

**Copies furnished to:**
Counsel of Record